UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TRUSTEES OF THE LOCAL 8A-28A :
WELFARE FUND, and the 401(K) :
RETIREMENT FUND, :
 : **OPINION AND ORDER**
 Plaintiffs, : 14-CV-1088 (RRM)(PK)
 :
 -against- :
 :
AMERICAN GROUP ADMINISTRATORS, :
et al., :
 :
 Defendants.
------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

Trustees of the Local 8A-28A Welfare Fund and the 401(k) Retirement Fund (together, "Plaintiffs") brought this action against American Group Administrators, Inc. ("AGA"), Lloyd Goldstein, and various other Defendants under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1105(a), 1109(a) and 1132(a)(2)-(3). (Compl., Dkt 1.) Plaintiffs moved for partial summary judgment on their First and Sixth Claims. (*See* Dkt. 126.) AGA and Goldstein (together, the "AGA Defendants") moved for summary judgment on all claims. (Dkt. 131.) The AGA Defendants moved to strike certain documents submitted by Plaintiffs in support of their motion for partial summary judgment and in opposition to the AGA Defendants' motion for summary judgment. (*See* Mot. to Strike, Dkt. 145.)

The Honorable Roslynn R. Mauskopf has referred the Motion to Strike to the undersigned for decision. (*See* April 26, 2017 Order.)

## BACKGROUND

The AGA Defendants seek to strike three declarations submitted by Plaintiffs' attorney Danielle Carney (collectively, the "Declarations"). (*See* Carney Decl., Dkt. 127; Carney Opp'n Decl., Dkt. 134-2; Carney Reply Decl., Dkt. 143.) They also seek to strike Plaintiffs' Rule 56.1 statements

1

on both motions for summary judgment (collectively, "Plaintiffs' Rule 56.1 Statements"). (*See* Pls. Rule 56.1 Stmt., Dkt. 126-2; Pls. Counter Stmt., Dkt. 134-1; Pls. R&Os, Dkt. 143-14.) They argue that the Court should strike the Declarations in their entirety because Ms. Carney "has no personal knowledge regarding the allegations in this action, or regarding any of the documents submitted by [Plaintiffs]," and the Rule 56.1 Statements because they rely on the Carney Declaration, are argumentative, and fail to cite to supporting evidence. (Mot. to Strike at 3-4.) The AGA Defendants do not raise specific authentication objections to documents attached to the Declarations. (Mot. to Strike at 2-3.)

In response, Plaintiffs explain the basis for Ms. Carney's relevant personal knowledge and the grounds for the authentication of exhibits attached to the Declarations. (*See* Pls. Resp., Dkt. 148.) Plaintiffs note that authentication is not in issue here because "almost all of the documents cited by the Plaintiff[s] were also cited by the AGA Defendants and disclosed by the AGA Defendants in discovery." (Pls. Resp. at 2.)

## DISCUSSION

### I. Legal Standard

Motions to strike are held to a high standard, as they are "generally disfavor[ed]." *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.,* No. 05-CV-776 (DRH)(AKT), 2007 WL 2728898, at *1 (E.D.N.Y. Sept. 14, 2007). Courts use "a scalpel, not a butcher knife" in resolving such motions. *Id.* (citing *Perez v. Volvo Car Corp.,* 247 F.3d 303, 315 (1st Cir. 2001)).

Federal Rule of Civil Procedure 56 requires that any declaration supporting or opposing a motion for summary judgment, including an attorney declaration, "be made on personal knowledge." *See* Fed. R. Civ. P. 56(c)(4); 11 James W. Moore et al., Moore's Federal Practice § 56.94[7][a], at 56–245 (3d ed. 2011) ("an attorney's affidavit or declaration is subject to the same personal knowledge requirement as any other affidavit or declaration"). Attorney affidavits are

2

nevertheless allowed "a degree of latitude to characterize the evidence by informing the court of the basis for the summary judgment motion and identifying the portion of the record counsel believes demonstrates the absence of genuine issues of fact." *Pharmacy, Inc.*, 2007 WL 2728898, at *3 (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In addition, the parties' factual statements must be supported by citations to materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

A document may be authenticated by the testimony of a witness with knowledge of the document. *See* Fed. R. Evid. 901(b)(1). The standard for authentication is satisfied "if a reasonable juror could find in favor of authenticity." *Jenkins v. Portfolio Recovery Assocs., LLC*, No. 14-CV-3532 (SJF)(AKT), 2017 WL 1323798, at *4, n.4 (E.D.N.Y. Feb. 13, 2017) (citation omitted). Certain categories of evidence are considered "self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted." *See* Fed. R. Evid. 902.

## II.     Attorney Declarations

The AGA Defendants argue that Ms. Carney "has no personal knowledge regarding the allegations in this action or regarding any of the documents submitted by [Plaintiffs]." (Mot. to Strike at 3.) The Motion to Strike advances two related arguments with regard to personal knowledge. The first is that certain statements made within the text of the Declarations themselves are not based on Ms. Carney's firsthand experience with the content described. The second is that Ms. Carney does not have sufficient personal knowledge to authenticate and introduce into the record the documents attached to the Declarations.

The AGA Defendants move to strike various statements in the Carney Declaration and Carney Reply Declaration that concern Ms. Carney's representation of Plaintiffs. (Mot. to Strike at

3

3.) These include introductory paragraphs stating the purposes of the Declaration and Plaintiffs' motion for summary judgment, describing the claims asserted by Plaintiffs in the Complaint, and asserting that Plaintiffs are an employee benefit fund within the meaning of ERISA. (*See* Carney Decl. ¶¶ 2,4, 6.) None of these statements are argumentative or speculative; all are within the attorney's personal knowledge given her role in this action. *See Menlo v. Friends of Tzeirei Chabad in Israel, Inc.,* No. 11-CV-1978 (JPO), 2012 WL 137504, at *3-5 (S.D.N.Y. Jan. 17, 2012) (an attorney's description of a client's decision to move for summary judgment falls within their personal knowledge). Accordingly, these statements will not be stricken.

The AGA Defendants seek to strike portions of all three Declarations discussing and attaching deposition testimony taken in this action, including the deposition of Lloyd Goldstein. (Mot. to Strike at 3.) Rule 56(c)(1)(A) specifically contemplates the inclusion of deposition testimony in the summary judgment record, along with materials such as affidavits, declarations, and interrogatory answers. The AGA Defendants do not contest the authenticity of the transcripts or Ms. Carney's presence at the depositions. *See Stepski v. M/V NORASIA ALYA*, No. 06-CV-01694, 2010 WL 6501649, at *5 (S.D.N.Y. Jan. 14, 2010) (finding that attorneys had personal knowledge of depositions and their affidavits were therefore proper).

In fact, the AGA Defendants' own exhibits include these same deposition transcripts, along with documents authenticated through those depositions and minutes of Trustee meetings. (*See, e.g.,* Habas Decl., Dkt. 131-1.) The AGA Defendants cannot attest to the authenticity of the documents they introduce as exhibits yet question the authenticity of those same documents when submitted by Plaintiffs' counsel. Similarly, where Plaintiffs' exhibits are documents produced by the AGA Defendants in discovery, bearing an "AGA" Bates-stamp (*see, e.g.,* Dkts. 128-6, 130-4), the AGA Defendants cannot credibly question their authenticity. *See Faulkner v. Arista Records LLC*, 797 F. Supp. 2d 299, 307 (S.D.N.Y. 2011) (where "Plaintiffs produced the documents and are thus in the

4

best position to know whether they are indeed authentic" such an argument "teeters on the edge of sanctionable").

Furthermore, personal knowledge is one, but not the only, method of authentication. *See* Fed. R. Evid. 901(b). A document may be self-authenticating, for example. *See* Fed. R. Evid. 902. Personal knowledge is applicable specifically where it is "essential to establish [an exhibit] is what it purports to be—that it is authentic." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) (internal citations omitted); *see also* Fed. R. Evid. 901 ("[t]o satisfy the requirement of authenticating . . . an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is," including but not limited to "testimony of a witness with knowledge"). When there is good reason to believe that the authenticity of documents is not in issue, Plaintiffs' attorney may enter those documents into the record.

It is well-established that courts may "simply decline to consider those aspects of a supporting affidavit that do not appear to be based on personal knowledge or are otherwise inadmissible." *Doe v. Nat'l Bd. of Podiatric Med. Exam'rs,* No. 03-CV-4034 (RWS), 2004 WL 912599, at *4 (S.D.N.Y. Apr. 29, 2004) (collecting cases). This approach is preferable to striking an affidavit, as it allows the court to "resolve parties' claims on the merits, rather than to dispose of them based on procedural default." *Hughes v. Lebron*, No. 14-CV-9479 (PAE), 2016 WL 5107030, at *5 n.5 (S.D.N.Y. Sept. 19, 2016). To the extent any statements in a Declaration mischaracterize the attached exhibits, the Court will disregard those statements and consider the exhibits themselves.

### III. Rule 56.1 Statements

The AGA Defendants contend that Plaintiffs' Rule 56.1 Statement should be stricken because it (1) is "entirely argumentative" and (2) relies "almost exclusively" on the Carney Declaration as support. (Mot. to Strike at 3.) As with the Declarations, the Court will disregard any non-factual statements in Plaintiffs' Rule 56.1 Statement. *See Smeraldo v. City of Jamestown*, 512 F.

5

App'x 32, 34 (2d Cir. 2013) (upholding a district court's decision to treat attorney affidavits as argument and rely on the attached exhibits); *Hughes*, 2016 WL 5107030, at *5 n.5 (declining to strike attorney affirmation and instead treating "argument" section as an opposition brief). The second argument is also rejected for the reasons discussed above permitting documents to be introduced through attorney declarations.

The AGA Defendants argue that Plaintiffs' Counter Statement does not cite any supporting evidence, in violation of Local Rule 56.1(d), which requires Rule 56.1 statements to be "followed by citation to evidence which would be admissible." *See* Local Civ. R. 56.1(d). The paragraphs identified by the AGA Defendants do not require citations, as they either admit the AGA Defendants' statements or deny their "relevancy and materiality." The Court views the latter responses as admissions and disregards any accompanying commentary.

Finally, the AGA Defendants argue that Plaintiffs' Objections and Responses to AGA's Counter Statement ("R&Os") should not be allowed because they "improperly seek to rebut AGA Defendants' Response to 56.1 Statement, which is not authorized by Local Rule 56.1." (Mot. to Strike at 4.) While R&Os to counter statements are not explicitly authorized, Defendants also submitted R&Os. (*See* Dkt. 144-3.) Since both parties have submitted R&Os and the Court has "broad discretion to determine whether to overlook a party's failure to comply with local court rules," *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001), the Court declines to find that Plaintiffs' R&Os are improper. *See CCM Rochester, Inc. v. Federated Inv'rs, Inc.,* No. 14-CV-3600 (VEC), 2017 WL 564063, at *1 n.1 (S.D.N.Y. Feb. 10, 2017) (citing to R&Os to counter statement as part of summary judgment record).

To the extent that Plaintiffs cite to case law in the R&Os, that is inappropriate. The Court disregards any legal arguments in the 56.1 Statements; such arguments should be limited to the memoranda of law. *See* Fed. R. Civ. P. 56(e); Local Civ. R. 56.1. In deciding the summary judgment

motions, the Court will assess whether the parties' factual statements are supported by evidence in the record, rather than rely on the parties' characterizations.

## **CONCLUSION**

In light of the foregoing, the Motion to Strike is denied.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
August 25, 2017