UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE LOCAL 8A-28A
WELFARE FUND; and 401(k) RETIREMENT
FUND,

                        Plaintiffs,            **MEMORANDUM AND ORDER**
      -against-                                   14-CV-1088 (RRM) (PK)

AMERICAN GROUP ADMINISTRATORS;
LLOYD GOLDSTEIN; HECTOR LOPEZ;
and FRANCIS MAZZELLA,

                        Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Plaintiffs Trustees of the Local 8A-28A Welfare Fund and the 401(k) Retirement Fund (collectively, the "Plaintiffs") have moved for pre-judgment relief pursuant to Federal Rule of Civil Procedure 64 and New York C.P.L.R. § 5229. Specifically, the Plaintiffs seek an Order to Show Cause in an effort to: (1) restrain and enjoin defendant Hector Lopez from transferring assets with the same effect as if a restraining notice had been served after entry of judgment under CPLR § 5222; and (2) compel Lopez to produce documents and appear for a deposition regarding his finances and assets. For the reasons set forth below, the Plaintiffs' motion is denied.

       Rule 64, which permits courts to grant certain provisional remedies in accordance with state law, states:

> During the course of an action, all remedies providing for the seizure of person or property for the purposes of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held . . . . The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated . . . .

CPLR § 5229 is one of those remedies, and it provides: "In any court, before a judgment is entered, upon motion of the party in whose favor a verdict or decision has been rendered, the trial judge may order examination of the adverse party and order him restrained with the same effect as if a restraining notice had been served upon him after judgment."

A grant of relief under § 5229 is within the discretion of the court. *Loew v. Kolb*, No. 03-CV-5064 (RCC), 2003 WL 22077454, at *2 (S.D.N.Y. Sept. 8, 2003); *Sequa Capital Corp. v. Nave*, 921 F. Supp. 1072, 1076 (S.D.N.Y. 1996). However, as the statute dictates, a key prerequisite to obtaining relief under § 5229 is the receipt of a favorable verdict. *See Loew*, 2003 WL 22077454, at *2; *Sequa*, 921 F. Supp. at 1076; *Perez v. Lorimer LLC*, 84 A.D.3d 911, 923 (Sup. Ct., Kings Co. 2011).[1]

While the Plaintiffs point to the entry of default judgment against Lopez, it is far from clear that such a favorable verdict has issued. There remain outstanding issues as to the scope of Lopez's liability for any well-pleaded claims brought in this action, including whether he is individually and/or jointly and severally liable, and if so, for what amount. The magistrate judge has yet to conduct an inquest on damages. As such, the posture of this case is markedly different than those in which a "favorable verdict" has entered and the provisional remedy under § 5229 has been employed. *See Leser v. US. Bank Nat. Ass'n*, No. 09-CV-2362 (KAM) (MDG), 2013 WL 867153, at *1 (E.D.N.Y. Feb. 21, 2013), *report and recommendation adopted*, No. 09-CV-

---

[1] Another factor that courts consider in the context of § 5229 applications is whether there is a danger that an adverse party will dispose of his assets. However, the moving party need not make a particular showing as to dissipation. *See, e.g.*, *Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565 (PKC) (RER), 2016 WL 7217641 (E.D.N.Y. Dec. 13, 2016) (citing *Gallegos v. Elite Model Mgmt. Corp.*, 768 N.Y.S.2d 134, 135 (Sup. Ct. 2003)). The Plaintiffs claim that Lopez is financially unstable and therefore likely to dissipate his assets because he had no income during the period of time that he recently spent in jail and is now availing himself of a 50% distribution from his retirement plan – one that he presumably is entitled to withdraw. (*See* Pls.' Mem. (Doc. No. 163-3) at 5–6.) The Plaintiffs' conclusion in this regard is fairly speculative, and the Plaintiffs do not cite any cases where Courts have been swayed by similar circumstances.

2362 (KAM) (MDG), 2013 WL 867151 (E.D.N.Y. Mar. 7, 2013) (granting pre-judgment relief where there had been a jury verdict of $38 million and the only remaining action was the "fairly ministerial task" of calculating interest); *Berg v. Au Café, Inc.*, 2009 WL 1905143 (Sup. Ct., N.Y. Co. 2009) (granting pre-judgment relief where $150,000 judgment was approved but entry was held in abeyance to determine attorney's fees); *Gallegos*, 768 N.Y.S.2d at 135 (granting § 5229 relief where jury awarded $2,673,590 in compensatory damages and $2,600,000 in punitive damages); *Laruffa v. Yui Ming Lau*, 798 N.Y.S.2d 710 (Sup. Ct. 2004) (granting § 5229 relief in the form of a hearing to examine the defendant's assets and establish whether an asset freeze was necessary); *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, No. 10-CV-2798 (PKC) (VMS), 2017 WL 1194730, at *1, 34–35 (E.D.N.Y. Mar. 30, 2017) (discussing availability of § 5229 relief pending resolution of final judgment where party flouted court's prior collateral security orders, withheld indemnification payments, and dissipated assets).[2]

Moreover, neither in their papers in support of the default judgment motion, nor in the instant application seeking relief under CPLR § 5229 do the Plaintiffs provide any legal or evidentiary support as to the potential judgment that likely will issue against Lopez. They cite Lopez's guilty plea in a parallel criminal proceeding – which resulted in a restitution order of $698,000.00 – as a basis for concluding that he will be liable for at least that amount in this litigation. (Pls.' Mem. at 5.) Yet they provide no explanation as to why the guilty verdict in the criminal proceeding is conclusive as to liability and damages in this separate, civil proceeding. Moreover, they assert that "of the $2,353,603.85 amount demanded, $2,233,740.00 constitutes damages resulting from Lopez's [alleged] schemes." (*Id.* at 5.) While the Plaintiffs supply a

---

[2] There is another issue that may be relevant here. CPLR § 5205 exempts certain property from the reach of § 5229, including property and payments related to qualified retirement accounts as described in the statute. Thus, New York law may protect from restraint some or all of the funds that the Plaintiffs seek to restrain – an issue not addressed in the Plaintiffs' application.

breakdown of the latter figure into the amounts they allege were involved in four separate schemes, (Statement of Damages (Doc. No. 163-2) at 50), they supply no basis to conclude that the Court is likely to find that their demand will result in a damages award in those amounts, or in any amount – let alone why there is a difference between their demand and Lopez's potential liability.

Thus, at this juncture, without the necessary inquest, it is far from certain that a monetary judgment in the amount or in excess of that sought to be restrained will enter against Lopez in this case. *Cf.* 6 Weinstein, Korn & Miller, New York Civil Practice ¶ 5229.04 (1995) ("The trial judge ought not to grant relief pursuant to CPLR 5229 if it appears that the decision or verdict might not proceed to judgment.").

For these reasons, the Court declines to exercise its discretion under § 5229 based on this application, and denies the requested relief, (Pls.' Mot. (Doc. No. 163)), without prejudice.

The parties shall proceed to complete the inquest on damages before the assigned magistrate judge.

SO ORDERED.

Dated: Brooklyn, New York
September 13, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge