UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRUSTEES OF THE LOCAL 8A-28A
WELFARE FUND; and 401(k) RETIREMENT
FUND,

                            Plaintiffs,                          **MEMORANDUM AND ORDER**
     -against-                                                  14-CV-1088 (RRM) (PK)

AMERICAN GROUP ADMINISTRATORS;
LLOYD GOLDSTEIN; HECTOR LOPEZ;
and FRANCIS MAZZELLA,

                            Defendants.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

On February 20, 2014, plaintiffs Trustees of the Local 8A-28A Welfare Fund and 401(k) Retirement Fund (collectively, the "Fund") commenced this lawsuit against various defendants under the Employee Retirement Income Security Act ("ERISA") alleging breach of fiduciary duty, co-fiduciary and non-fiduciary liability, common law fraud, and unjust enrichment. (*See* Compl. (Doc. No. 1).) In their Answer to the Complaint, defendants the American Group Administrators and Lloyd Goldstein (the "AGA defendants") asserted a cross-claim against all co-Defendants, including Francis Mazzella.[1] (AGA Answer (Doc. No. 26).) Since that time, the Fund has resolved their claims against all co-defendants except the AGA defendants.[2] (*See* Report and Recommendation ("R&R") (Doc. No. 162) at 17).)

---

[1] "[The AGA Defendants], by way of crossclaim against the remaining defendants, allege that to the extent they are or may be liable to the Plaintiffs on any of the claims contained in the Complaint, then and in that event, the remaining defendants are or may be liable to them for all or part of each such claim asserted by the Plaintiffs in this action." (AGA Answer at 22–23.)

[2] The Fund and Mazzella entered into a settlement agreement resolving the claims against him, but they have not filed a Stipulation of Dismissal. (*See* September 14, 2016 Order.)

Mazzella has moved for summary judgment against the AGA defendants on their cross-claim. (*See* Mazzella Mot. (Doc. No. 124).) The Fund moved for partial summary judgment against the AGA defendants on its ERISA claims, reserving its remaining unjust enrichment claim for trial. (Fund Mot. (Doc. No. 126-1).) The AGA defendants move for summary judgment on all remaining claims. (AGA Mot. (Doc. No. 131-60); June 29, 2017 Ltr. (Doc. No. 155).) The Court referred all three motions to the assigned Magistrate Judge, the Honorable Peggy Kuo, for an R&R. (*See* Referrals (Doc. Nos. 126, 131, and 124).) On August 28, 2017, Judge Kuo issued an R&R recommending that: (1) the Fund's motion for partial summary judgment on its ERISA claim be denied; (2) the AGA defendant's motion for summary judgment be granted in part[3] with regard to ERISA claims under Sections 405 and 406 based on the Arizona Brokers and non-fiduciary liability and denied with respect to all other claims; and (3) that Mazzella's motion for summary judgment be granted and the cross-claim against him be dismissed.

The Fund and AGA defendants both filed timely objections. (*See* Fund Obj. (Doc. No. 164); AGA Obj. (Doc. No. 165).) The AGA defendants filed a response to the Fund's objections, (AGA Response (Doc. No. 171)), and Mazzella filed a response to the AGA defendants' objections, (Mazzella Response (Doc. No. 172)).

The Court has conducted *de novo* review of entire the R&R, as well as the parties' objections, and adopts the R&R in its entirety.

---

[3] The Fund does not object to Judge Kuo's recommendation that the AGA defendant's motion for summary judgment be granted with respect to ERISA claims under Sections 405 and 406 based on non-fiduciary liability, (*see* R&R at 37–38), and Goldstein's alleged receipt of payments from the Arizona Brokers, (*see* R&R at 40).

## STANDARD OF REVIEW

When reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to an R&R, the district court "shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, if a party "simply reiterates [its] original arguments, the Court reviews the Report and Recommendation only for clear error." *Libbey v. Vill. Of Atl. Beach*, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). In other words, "objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023 (LTS) (JCF), 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008). Portions to which no party has objected are reviewed for clear error. *See Morritt v. Stryker Corp.*, 973 F. Supp. 2d 177, 181 (E.D.N.Y. 2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011). The Court will find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed. *See* Fed. R. Civ. P. 72(a); *Nielsen v. New York City Dep't of Educ.*, No. 04-CV-2182 (NGG) (LB), 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007).

These standards notwithstanding, this Court has reviewed *de novo* Judge Kuo's very thorough, well-supported, and comprehensive R&R in its entirety, including those portions to which the parties have raised either no objection, non-specific objections, or those which simply

3

rehash arguments made before the magistrate judge. After so doing, the Court adopts the R&R in its entirety.

## DISCUSSION

While the Court will not address each and every objection, the Court will briefly discuss some aspects of the parties' objections. At the outset, the Court notes that Judge Kuo recommends denying the cross-motions for partial summary judgment on the basis that the issues cannot be resolved due to genuine issues of material fact on the record before her. (*See generally* R&R.) The bulk of objections lodged by the AGA defendants claim that Judge Kuo made "erroneous factual findings that are not supported by the record." (*See geneally* AGA Obj. at 3–20.) However, this assertopm wholly mischaracterizes the R&R. Judge Kuo made no findings of fact; rather, she simply drew "all justifiable factual inferences in favor of the party against whom summary judgment is sought." *Major League Baseball Props., Inc. v. Salvino*, Inc., 542 F.3d 290, 309 (2d Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Throughout their objections, and on each claim, the AGA defendants allege myriad facts and citations in the record in support of their arguments that Judge Kuo erred in finding facts. In some cases, they wish the Court to draw different inferences from the facts alleged. However, the fact-intensive nature of the legal issues in this case, as highlighted by the AGA defendants' own objections, wholly support Judge Kuo's conclusion that this case is not amenable to resolution at summary judgment. Moreover, aside from saturating its objections with considerable and dense citations to the factual record, the AGA defendants fail to articulate what renders their facts undisputed, or material, particularly as against those set forth by Judge Kuo. In large measure, the AGA defendants raise the same arguments they raised in front of the

magistrate judge, asking this Court to focus on facts and inferences previously submitted and draw different legal conclusions.

That Judge Kuo found material disputes of fact means only that on the record presented by the AGA defendants on this motion, and taking those facts in the light most favorable to the plaintiffs herein, they have not sustained their burden. These defendants will have a full opportunity to present their case to the factfinder – perhaps on this record with credibility determinations made, or perhaps on a different, amplified record. But nothing the AGA defendants assert in their objections persuade this Court that their motion can be decided as a matter of law on summary judgment.

To the extent that the parties couch their objections suggesting errors of law, those claims fail as well as, at the end of the day, material disputes of fact govern resolution of all claims. Those objections are addressed briefly below, and, upon *de novo* review of the issues raised, are rejected for the reasons set forth in the magistrate judge's R&R.

### I. Discretionary Authority or Control in Plan Administration

The AGA defendants claim that the R&R conflates "claims administration" with "plan administration," and misapplied relevant case law, which led Judge Kuo to erroneously conclude that the AGA defendants exercised discretionary control in plan administration. (*See* AGA Obj. at 20–24; R&R at 22–24.) The Court adopts Judge Kuo's analysis in its entirety.

Under ERISA, a person is a plan fiduciary to the extent that "(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets; (ii) he renders investment advice for a fee or other compensation, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

Here, Judge Kuo found that the AGA defendants were fiduciaries under ERISA because they had "discretionary authority or discretionary responsibility in the administration of such plan." *Id.*; (R&R at 24).

The AGA defendants argue that the R&R misapplied controlling case law in fiduciary analysis by looking to the Agreement – rather than the Summary Plan Document ("SPD") – and discounting the manner in which the AGA defendants actually functioned in relation to the Fund. In their objection, the AGA defendants focus on *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55 (2d Cir. 2006), and claim that the Circuit found the defendant there to be a fiduciary because "1) it was listed as a Plan Administrator in the SPD [Summary Plan Document], and 2) it acted in a fiduciary capacity when explaining plan benefits to employees." (AGA Obj. at 22 (citing *Bouboulis*, 442 F.3d at 63).) Yet, this section of *Bouboulis* refers to only what the plaintiff in that case *argued* the court should hold. In fact, the Second Circuit held that irrespective of whether the defendant actually acted in a fiduciary capacity, the title of "Plan Administrator," which was defined in the SPD as endowing the defendant with final decision making authority over claims, is sufficient to find the defendant a fiduciary under ERISA. *See Bouboulis*, 442 F.3d at 63–65 (holding that courts may find discretionary authority where it has been actually granted under a governing agreement "regardless of whether such authority is ever exercised").

Judge Kuo properly found that the Agreement authorized AGA to evaluate claims with "appropriate investigations and documentation as deemed necessary by AGA in its sole discretion . . . ." (AGA Agreement § 1(a) (Doc. No. 131-18).) AGA was also empowered to "provide advice and counseling to the Fund on unusual, questionable, or disputed Claims," "obtain . . . professional expertise as deemed necessary by AGA, in its sole discretion, and to

6

adjudicate Claims beyond standard Claim administration," and "perform all other services reasonably required" to administer claims. (*Id.* at § 1(d), (e), (j).) On that basis, Judge Kuo found that "[a]lthough AGA was guided by the parameters of the Plan and did not have final authority over the appeal of claims, it had discretion going beyond a mere ministerial function" and, thus, had "discretionary authority or discretionary responsibility in the administration of such plan." (R&R at 22–23.) Thus, having reviewed this portion of the R&R *de novo*, the Court agrees with Judge Kuo's opinion and adopts it in its entirety.[4]

## II. The "Prudent Person" Standard of Care

Both the AGA defendants and the Fund object to Judge Kuo's conclusion that there are material disputes of fact as to whether Goldstein – one of the AGA defendants – violated the prudent person standard of care, and, thus, whether he violated his fiduciary duties. (*See* R&R 28–30; Pl. Obj. at 8; AGA Obj. at 26; AGA Response at 8.) Goldstein agreed on behalf of the Fund to write checks to "M.A.F." instead of "Mackoul & Associates" after a brief, informal meeting with Fund Trustee Fabrizio. (R&R at 30.) Both parties raised these issues in their original motions before Judge Kuo, rendering their objections a second bite at the apple. (*See* AGA Mot. at 13–16; Fund Mot. at 9–14.) The Court reviewed the relevant portion of Judge Kuo's R&R for error and finds that these objections are without merit.

---

[4] Both the AGA defendants and the Fund object to Judge Kuo's conclusion that genuine issues of material fact remain as to whether the AGA defendants exercised authority or control over the disposition of plan assets. (Pl. Obj. at 1; AGA Obj. at 24.) A contrary finding would not disturb Judge Kuo's recommendation that summary judgment be denied as to whether the AGA defendants actually breached their fiduciary duties. (R&R at 28–30.) As noted above, a person is a fiduciary under ERISA if he exercises discretionary authority over plan *administration or* "exercises any authority or control respecting management or disposition of *its assets*." 29 U.S.C. § 1002(21)(A). The R&R concluded that the AGA defendants had discretionary authority over plan administration. (*See* R&R at 22–23.) The Fund does not object to this conclusion. Thus, regardless of the R&R's conclusion as to disposition of plan assets, as the R&R concludes, the AGA defendants' discretionary control over plan administration established them as a fiduciary under ERISA. In any event, the Court has reviewed *de novo* Judge Kuo's discussion of plan assets and finds no error.

7

As detailed in the R&R, Section 406(a) of ERISA sets out certain prohibited transactions which a fiduciary may not engage in if the fiduciary "knows or should know" that the transaction is directly or indirectly with or for the benefit of a party in interest. *See* 29 U.S.C. § 1106(a)(1). A "party in interest" includes any fiduciary, such as an administrator, officer, or trustee. 29 U.S.C. § 1002(14)(A). Judge Kuo addressed whether Goldstein knew or should have known that his payments to M.A.F. were, in fact, for the benefit of Trustee Fabrizio – a "party in interest."

The Fund argues that Goldstein's conversation with Fabrizio in which Fabrizio told Goldstein to make checks out to M.A.F. instead of Mackoul & Associates was "so suspicious that no reasonable person" would have conducted such transactions. (R&R at 30.) Judge Kuo concluded that:

> viewing the facts in the light most favorable to Defendants, as the Court must on a motion for summary judgment, a reasonable person could find that Goldstein did not know, and had no reason to know, that the payments were for Fabrizio's benefit.

(*Id.*) In support of that conclusion, Judge Kuo notes that no documents in the record specify that all Board activity – such as the commission of payments to M.A.F. – needed to meet any particular formal mechanism that Goldstein failed to observe. Further, Goldstein testified at his deposition that he believed M.A.F. was an entity affiliated with Mackoul & Associates, another service provider to the Fund. Thus, Judge Kuo found that material disputes of fact remain as to whether Goldstein "knew or should have known" that payments to M.A.F. benefited a party in interest in violation of his fiduciary duty.[5] (R&R at 30.)

---

[5] The AGA defendants also object to Judge Kuo's determination that they are not entitled to dismissal of the Fund's unjust enrichment claim. (AGA Obj. at 40.) However, the unjust enrichment claim turns, in part, on whether the M.A.F. transactions constituted a "quid pro quo" kickback scheme. That is, whether AGA was unjustly enriched turns on whether the Fund retained AGA "in spite of more competitive proposals, in exchange for their payment of broker fees to Fabrizio." (R&R at 42.) As noted above, material disputes of fact remain as to the alleged kickback scheme and, thus, the AGA's objection as to unjust enrichment is without merit.

8

All told, the parties merely rehash the same arguments presented before Judge Kuo, and fail to articulate how the above recitation of facts yields no material dispute. This notwithstanding, the Court has reviewed this portion of Judge Kuo's R&R *de novo* and adopts it in its entirety.[6]

### III. Statute of Limitations

The AGA defendants argue that the Fund's claims are barred by ERISA's statute of limitations because the Fund knew all material facts of the alleged ERISA violations when it learned during a November 2010 Board meeting that Fabrizio had received payments from the fund. (AGA Obj. at 27.) The AGA defendants raised this exact argument below. (AGA Mot. at 24.) Judge Kuo concluded that the Fund did not have "knowledge of all material facts" regarding the alleged ERISA violations until after the conclusion of Novak Francella's detailed investigative report, presented to the Board on April 12, 2011. *See Caputo v. Pfizer, Inc.*, 267 F.3d 181, 193 (2d Cir. 2001) (holding that the ERISA statute of limitations does not run "until specific knowledge of the actual breach of duty upon which they sued."). Judge Kuo properly noted that mere "'reason to *suspect*'" an ERISA violation is insufficient to trigger the statute of limitations. (R&R at 34 (quoting *Caputo*, 267 F.3d at 193).) Even upon *de novo* review, the Court finds no error in Judge Kuo's conclusion that the instant claims are timely because the statute of limitations did not begin to run until the Board's April 12, 2011 receipt of the investigative report.

---

[6] The AGA defendants also object to Judge Kuo's conclusion that material issues of fact remain as to whether AGA defendants are liable under a theory of co-fiduciary liability. (AGA Obj. at 27.) Under 29 U.S.C. §1105(a)(2), "a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . if, by his failure to comply with section 1104(a)(1) . . . he has enabled such other fiduciary to commit a breach." As properly noted in the R&R, Judge Kuo's determination that material disputes of fact remain as to Goldstein's liability compels the conclusion that material disputes of fact remain as to co-fiduciary liability. (R&R at 39.) Accordingly, the AGA defendants' objection is without merit.

9

## IV. Arizona Brokers

The Fund alleges that the AGA defendants violated their duty of care by paying the Arizona Brokers from 2006 to 2010 without obtaining Board approval. (R&R at 38.) The AGA defendants object to Judge Kuo's finding that questions of material fact remain as to when and to what extent fees paid to the Arizona Brokers were disclosed to the Fund's Board. (AGA Obj. at 36–38; R&R at 39.) Judge Kuo notes that the documentary evidence submitted by the AGA defendants fails to address the entire period at issue and fails to account for the conduct of all of the Arizona Brokers. (*Id.*) In their objection, the AGA defendants set forth a near-recitation of their arguments below. (AGA Mot. at 16–18.) Even upon applying *de novo* review to yet another attempt at a second bite at the apple, the Court adopts the relevant portions of Judge Kuo's R&R in its entirety.[7]

## V. Dismissal of the Cross-Claim Against Mazzella

AGA defendants object to Judge Kuo's recommendation that the cross-claim against Mazzella be dismissed, (AGA Obj. at 43), and Mazzella opposes that objection, (Mazzella Response at 3–6). The AGA defendants acknowledge that this objection is largely duplicative of their memorandum in opposition to Mazzella's motion for summary judgment. (AGA Obj. at 43 (citing AGA Opp'n. to Mazzella Mot. (Doc. No. 137-1) at 1–5).) For that reason alone, these objections can be dismissed. However, in the R&R, Judge Kuo carefully unpacks the AGA defendants' various misapplications of the law of contribution, set-off, and indemnification, and did not err in so doing. (R&R at 43–49.) This Court's *de novo* review reaches the same result.

---

[7] The AGA defendants object to Judge Kuo's conclusion that material issues of fact remain as to the Fund's fraudulent concealment claim. (AGA Obj. at 39.) This argument was raised before Judge Kuo, and turns on the Fund's knowledge of the purported kickback scheme. (*See* AGA Mot. at 20.) As noted above, there are genuine issues of material fact with respect to what and when the Fund's Board knew about payments to M.A.F. and the Arizona Brokers prior to 2010. (*See* R&R at 41.) Accordingly, on *de novo* review, these objections fail

10

Thus, the Court adopts Judge Kuo's recommendation granting Mazzella's motion for summary judgment.

## CONCLUSION

The Court has reviewed Judge Kuo's thorough and well-reasoned R&R, the factual and procedural record upon which it is based, and the parties' various objections. For the reasons stated above, the parties' objections are without merit, and the Court adopts Judge Kuo's R&R (Doc. No. 162) in its entirety.

The Fund's motion for partial summary judgment (Doc. No. 126) is denied. The AGA defendants' motion for summary judgment (Doc. No. 131) is granted with regard to the ERISA claims under Sections 405 and 406 based on the Arizona Brokers and non-fiduciary liability, and denied with regard to all other claims. Francis Mazzella's motion for summary judgment (Doc. No. 124) is granted. The Clerk of Court is directed to enter judgment accordingly.

This case is recommitted to Magistrate Judge Kuo for all pre-trial proceedings, and, pursuant to the Court's Memorandum and Order of September 13, 2017 (Doc. No. 167), for an inquest with respect to the default judgment against Hector Lopez.

SO ORDERED.

Dated: Brooklyn, New York
September 28, 2017

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge